IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES W. CUNNINGHAM, JR.,
# 193686,                              :

    Plaintiff,                      :

vs.                                    :   CIVIL ACTION 10-0114-CG-M

GRANTT CULLIVER, et al.,               :

    Defendants.                     :


## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed an action under 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court on Plaintiff's Motion for Temporary Restraining Order or, in the Alternative, a Preliminary Injunction ("Motion") (Doc. 58).[1] For the reasons stated below, it is recommended Plaintiff's Motion be denied.

---

[1] Plaintiff identified this filing as Memorandum in Support of Motion for a TRO and Preliminary Injunction. (Doc. 58). Inasmuch as no separate document was identified as a motion, the Court is treating this filing as the motion.

I.  <u>Nature of Proceedings</u>.

    A.  <u>Motion</u>.  (Doc. 58).

Plaintiff, who was transferred to St. Clair Correctional Facility ("St. Clair") from Fountain Correctional Facility ("Fountain"), alleges in his Motion that his legal work was taken from him at St. Clair by Defendants Grantt Culliver, K. Thomas, and subordinate officers in retaliation for filing the present action.  The claims in this action arose at Fountain and are for an assault on Plaintiff by officers and for his subsequent confinement to a strip cell.  Defendant Culliver is a Defendant to the present action, but K. Thomas is not.

In the Motion Plaintiff alleges that he "had legal research, draft documents of production of documents, interrogatories in computer files removed from his access without cause other than retaliation tactics."  (Doc. 58 at 1). Plaintiff seeks injunctive relief "to ensure that no further retaliation is conducted against [him]."  (<u>Id.</u>).

Plaintiff does not provide specific facts in the Motion. Rather, in the Motion he addresses legal requirements for the issuance of injunctive relief, arguing that he has satisfied them.  Plaintiff maintains that his right of "meaningful access to the courts" has been deprived and interfered with, and "the

2

continuing deprivation of constitutional rights constitutes irreparable harm."  (Id. at 2).

   B.  Inmates' Affidavits.

   The facts describing the taking of legal materials are contained in the affidavits from Plaintiff and two other inmates.  In inmate Gary Glasper's affidavit, inmate Glasper identifies himself as being a paralegal/writ-writer who has prepared on St. Clair's law library's computers numerous civil and criminal cases for other inmates, in particular inmates Roosevelt Carson and Gary T. Singleton whose materials he was working on when the computers were confiscated on August 20, 2010.  (Doc. 60 at 1).  K. Thomas, who supervises ADOC's legal division and institutional law libraries, confiscated the computers and taped off the law library with the assistance of former Warden David Wise.  (Id. at 2).  After several weeks, Officer Alexander, who supervises the law library, informed inmate Glasper that the computers would not be returned and that the inmates' legal work would not be returned to them.  (Id.). A week later Officer Alexander was reassigned, and no one has replaced him.  (Id.).

   Officer Alexander told inmate Glasper that he was not given a reason for his reassignment and that the work found on the computers' hard drives was "legitimate."  (Id.).  Before Officer

Alexander was reassigned, he obtained typewriters, but the typewriter ribbon is now all gone. (Id. at 3).

Inmate Glasper alleges that Grantt Culliver "ordered the confiscation and investigation." (Id. at 2). Inmate Glasper believes that, aside from losing valuable research for another inmate that may be unable to be reproduced, ADOC has gained an unfair advantage because ADOC now knows what was being researched by many. (Id. at 2-3). And inmates who use the law library "have suffered a great deal of harm as a result of these callous acts." (Id. at 3).

In inmate Tony Smith's affidavit, inmate Smith claims that on August 20, 2010, his legal documents on the computer in St. Clair's law library were confiscated and have not been returned to him, and affirms that the computers and the assigned officer are no longer there and that the recently installed typewriters are out of ribbon. (Doc. 59). He further alleges that twice he has been placed in segregation on account of his legal activities and that ADOC's actions have given officials unfair advantage against him in his litigation and have allowed them to see his strategy. (Id.). He maintains that he has a civil action filed in the Northern District Court of Alabama and that these complained of actions have caused chaos in his life and "irreparable harm in both criminal and civil litigation." (Id. at 2).

In Plaintiff's affidavit he wants injunctive relief in order "to ensure that any further confiscation of [his] legal research and drafted legal documents cease immediately [and] that any further denial of access to the law library, its computers (which were confiscated), typewriters and typewriter ribbons cease immediately." (Doc. 61 at 1). Plaintiff advises that Defendant Culliver is the Regional Coordinator over St. Clair and its law library and oversees all matters at institutions in his region. And Defendant Culliver directed his subordinate, K. Thomas, to "enter[] St. Clair law library and declare[] an internal investigation and confiscate[] all computers[.]" (Id. at 2). Before the five Dell computers were removed, computer specialists looked through all the legal files. (Id.). After two weeks, Plaintiff asked Officer Alexander, who supervised and monitored the computers, if he could have a hard copy of his files. (Id). Officer Alexander told Plaintiff "no" after asking his supervisors. (Id.). Officer Alexander had the typewriters repaired and put into use before he was transferred from the law library. (Id. at 3). Since then, the typewriter ribbon has run out. (Id.). Plaintiff maintains that he will suffer an unspecified irreparable injury if injunctive relief does not issue and that Defendants have a "responsibility to provide [him] with access

to the court and adequate access to legal supplies and research materials." (Id.).

II. Discussion.

A. Legal Standards.

In order to prevail on a request for injunctive relief, the movant must show:

> (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to public interest.

Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985) ("The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites") (internal quotations omitted)). It is mandatory that the movant convince the court that <u>all</u> four factors are satisfied. United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983) (finding a preliminary injunction was properly denied when movant failed to established one factor); United States v. Lambert, 695 F.2d 536, 540 (11th Cir. 1983) (same).

Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir.

6

1987); Sullivan v. Division of Elections, 718 F.2d 363, 365 (11th Cir. 1983). Further, a temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 69 L.Ed.2d 175 (1981); Cate v. Oldham, 707 F.2d 1176, 1185 (11th Cir. 1983); Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982).

    B.  Analysis.

In the present action, Plaintiff rests his Motion on his belief that a violation of the Constitution results in irreparable injury, citing to Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Cf. Northeastern Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (concluding that the Eleventh Circuit has recognized ongoing violations of the first amendment constituted irreparable harm in the limited situations of free speech and right to privacy). Without deciding the correctness of Plaintiff's interpretation of this rule of law and its application to the present Motion, the Court will examine whether Plaintiff has alleged a violation of a constitutional right, which according to his argument is needed for showing an irreparable injury.

The constitutional right that Plaintiff identifies as being violated is his right of access to courts. In <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court ruled that an inmate must show that he has suffered an injury in order to have standing to bring a claim for denial of access to courts. <u>Id.</u> at 349, 116 S.Ct. at 2179. The injury the inmate is required to show that he has been frustrated or impeded in the prosecution of his conviction's direct appeal, of his habeas petition, or of his civil rights action implicating a basic constitutional right[2] and that his underlying action was nonfrivolous. <u>Id.</u> at 353-54, 116 S.Ct. at 2181-82. The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." <u>Christopher v. Harbury</u>, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413 (2002). "Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." <u>Lewis</u>, 518 U.S. at 355, 116 S.Ct. at 2182.

The only injury that Plaintiff has identified as being suffered is having his "legal research, draft documents of

---

[2] The Eleventh Circuit in <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1291 (11th Cir. 1998), interpreted this statement to include "direct or collateral appeals" of criminal convictions.

8

production of documents, interrogatories in computer files removed from his access without cause other that retaliation tactics." (Doc. 58 at 1). Plaintiff has not connected this loss to a pending action, nor has he shown that this underlying unidentified action is nonfrivolous and is the type of action that satisfies <u>Lewis</u>'s criteria. Neither has there been a showing of how the underlying action was impacted by the loss. <u>See</u> <u>Harmon v. Keith</u>, 2010 WL 2501207, at *1 (10th Cir. 2010) (finding that inmate was not deprived access to courts even though defendants confiscated computer discs as he could not show a sufficient actual injury), <u>petition for cert. filed</u>, No. 10-6905 (Aug. 10, 2010).

If the lost documents are connected to the present action, it is difficult for the Court to discern how the loss impacted the present action because Defendants had not filed their Answer and Special Report when Plaintiff filed his Motion. Therefore, Plaintiff would not have known what discovery (e.g., production of documents and interrogatories), if any, he would need. Moreover, the Court observes that the description of the lost legal work is rather general, thereby precluding a demonstration of interference with this action's litigation. <u>See</u> <u>Ashcroft v. Iqbal</u>, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is

9

liable for the misconduct alleged"). And Plaintiff has not made a showing that this underlying action is non-frivolous. <u>Moore v. Plaster</u>, 266 F.3d 928, 933 (8th Cir.) (affirming the dismissal of access-to-courts claims because plaintiff made no showing the dismissed underlying actions were nonfrivolous), <u>cert. denied</u>, 535 U.S. 1037 (2002).

Considering the foregoing, Plaintiff has not shown that he has been deprived of his right of access to the courts, even though a violation of this constitutional right is how Plaintiff intended to show the required irreparable injury. Inasmuch as his allegations do not support such a violation, Plaintiff has not shown the necessary irreparable injury.

Furthermore, examining Plaintiff's Motion and supporting Affidavits, the Court does not find that he has alleged an irreparable injury independent of the foregoing injury. For an injury to satisfy the requirement for injunctive relief to issue, it must be irreparable, that is, it cannot be satisfied by a monetary judgment, and it must be immediate. <u>Northeastern Fla. Chap. of Ass'n of Gen. Contractors</u>, 896 F.2d at 1285. Plaintiff has not shown that he cannot be satisfied by a monetary judgment, nor has he shown that his injury will be immediate. To show immediacy Plaintiff would have to overcome the facts that the confiscation of the computers occurred on August 20, 2010, and he filed his Motion on October 25, 2010,

and no subsequent or imminent takings have been identified.  In regard to immediate or future injuries, Plaintiff states that "[t]he suffering of the plaintiff and the potential suffering if prison officials are not restrained from further acts of aggression and denial of meaningful access to the courts will result in civil rights violations of Plaintiff and other prisoners."  (Doc. 58 at 2).  This nebulous statement falls short of conveying any specific imminent irreparable injury.

Then, Plaintiff states the he "is entitled to a temporary restraining order requiring the Defendants to cease any further confiscation of Plaintiff's legal documents, denying access to adequate legal supplies, denying Plaintiff access to computer or typewriters previously provided by Defendant and return of Plaintiff's legal files and research, and to a preliminary injunction requiring the Defendant to refrain from any further harassments of this nature."  (Doc. 61 at 4).  This statement fails to describe an irreparable injury.  Furthermore, the fact that Plaintiff continues to litigate this action is evidence that he is having access to courts and, therefore, a computer or a typewriter is not necessary for him to have access to courts and confiscation of his legal work is not occurring at this time.  Cf. Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) ("[O]fficials do not necessarily have to provide a prisoner with free, unlimited access to photocopies of legal

11

precedents to protect the prisoner's right of access to the courts."); Miller v. Donald, 132 Fed.Appx. 270, at **2 (11th Cir. May 19, 2002) (unpublished) (refusal of inmate's request for free photocopies of documents to serve on defendants was upheld for, among other things, he did not alleged that he "was unable to produce, hand-copied duplicates")[3]; Toenniges v. Georgia Dept. of Corrections, 2009 WL 6529717, at *3 (M.D. Ga. Dec. 22, 2009) (unpublished) ("There is no constitutional right to computers, copiers, typewriters or certain legal books."). Accordingly, Plaintiff has failed to establish that he will suffer an irreparable injury.

In light of the above reasons, the Court concludes that Plaintiff has failed to meet his burden of persuasion that he will suffer an irreparable injury that is immediate if injunctive relief does not issue. Because Plaintiff has failed to meet his burden on this element, the other elements for injunctive relief will not be discussed. See Jefferson County, 720 F.2d at 1519 (finding a preliminary injunction was properly denied where movant failed to meet the burden of persuasion on

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

12

one factor because movant bore burden of persuasion on each of the four factors).

III. Conclusion.

Therefore, based upon the foregoing reasons, it is recommended that Plaintiff's Motion be denied.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition

---

[4]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

13

made. It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection. Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 8th day of November, 2010.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE
